UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**HARRISON WILLIAMS**                                                        **CIVIL ACTION**

**VERSUS**                                                                            **NO. 13-4977**

**N. BURL CAIN, WARDEN**                                              **SECTION "B"(5)**

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.[1]

### I.     Procedural history

Petitioner, Harrison Williams, is a state prisoner incarcerated in the Louisiana State Penitentiary, in Angola, Louisiana. On August 31, 2010, he pleaded guilty to second degree

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

kidnapping, attempted second degree murder, and possession of a firearm by a convicted felon. He also pleaded guilty to the State's multiple offender bill of information charging him as a second-felony offender on the kidnapping count. Williams was sentenced to concurrent sentences of thirty-three years imprisonment for kidnapping and attempted second degree murder, and twenty years imprisonment for possession of a firearm.[2] He did not seek direct appeal of his conviction or sentence.

On or about December 16, 2010, Williams filed a motion in the state district court seeking "a copy of verbatim transcripts of *Boykin* examination, guilty plea and sentencing hearing." On or about April 12, 2011, Williams sought a writ of mandamus in the Louisiana Fourth Circuit Court of Appeal for an order directing the state district court to rule on his document production motion. On May 10, 2011, the Louisiana Fourth Circuit granted the writ of mandamus in part, finding that Williams was entitled to a copy of his *Boykin* transcript.[3]

The state record includes a *pro se* application for post-conviction relief signed and dated by Williams on August 29, 2011. It does not appear to have been filed in the state district court.[4] This post-conviction relief application asserted claims regarding the validity

---

[2] State Rec., Vol. 1, Minute Entry 8/31/10; Waiver of Constitutional Rights Plea of Guilty form; Waiver of Rights - Plea of Guilty Multiple Offender - La. R.S. 15:529.1 form; Sentencing Order.

[3] State Rec., Vol. 2; *State v. Williams*, 2011-K-0508 (La. App. 4th Cir. 5/10/11).

[4] State Rec., Vol. 2, Uniform Application for Post-Conviction Relief signed August 29, 2011. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d

of his habitual offender guilty plea and ineffective assistance of counsel.  On or about December 6, 2011, Williams sought a writ of mandamus from the Louisiana Fourth Circuit Court of Appeal, requesting that the court of appeal order the state district court to rule on his post-conviction relief application.  On January 18, 2012, the Louisiana Fourth Circuit granted the writ, stating:

> The Relator's writ is granted for the purpose of transferring the attached application for post-conviction relief, *which apparently was not filed in the district court*, to the district court for consideration within sixty days of this order. As proof of compliance, the district court is ordered to provide this court with a minute entry evidencing its ruling on the motion, including its determination of whether the motion is timely.[5]

On or about April 23, 2012, Williams filed a motion to enforce with the Louisiana Fourth Circuit, in which he advised that the state district court had not complied with the court of appeal's January 18, 2012 ruling.  On May 10, 2012, the court of appeal granted the writ and ordered the state district court to comply with the previous order within thirty days.[6]

On May 15, 2012, the state district court ruled on petitioner's post-conviction application, stating simply that after reviewing the evidence and considering the law, the

---

601, 607 (5th Cir. 2006).  However, there is no evidence in the state court record that this application was ever filed in the state district court.  The application contains only a signature and notary date (attesting that information is true and correct) of August 29, 2011. Williams's application bears no file-date stamp showing that the application was ever filed in the state district court.  The record contains no evidence as to date of delivery to prison officials.  Nor does the record contain any evidence showing when or even if the application was received by the state district court.

[5] State Rec., Vol. 2; *State v. Williams*, 2012-K-0042 (La. App. 4th Cir. 1/18/12).

[6] State Rec., Vol. 2; *State v. Williams*, 2012-K-0613 (La. App. 4th Cir. 5/10/12).

3

application is denied.[7]

On or about July 9, 2012, Williams filed a second motion to enforce with the Louisiana Fourth Circuit, seeking an order directing the state district court to comply with the January 18 and May 10, 2012 orders. The court of appeal granted in part and denied in part, ruling:

> The record reflects that on May 13, 2012, the district court denied relator's PCR application without reasons and furnished us with a copy of the judgment. Because we have not, however, been furnished with proof that *relator also* was timely provided a copy of the judgment as required by our orders in #2012-K-0042 and #2012-K-0613, we grant the relator forty-five days from this date to file in this court an application for supervisory review from the judgment of May 13, 2012, denying his PCR application.[8]

Petitioner thereafter sought a supervisory writ of review in the Louisiana Fourth Circuit. On August 20, 2012, the court of appeal denied relief, finding "no error in the judgment of the trial court denying relator's application for post-conviction relief."[9] The Louisiana Supreme Court denied his related writ application based on procedural grounds on January 11, 2013.[10]

---

[7] State Rec., Vol. 1, Minute Entry of 5/15/12; see also Docket Master.

[8] State Rec. Vol. 2; *State v. Williams*, 2012-K-1066 (La. App. 4th Cir. 7/24/12) (emphasis in original). The Court notes the discrepancy between the court of appeal's ruling and the docket master and minute entry of the trial court, which both reflect a May 15 rather than May 13 ruling. The discrepancy does not affect the Court's timeliness review.

[9] *Id.*; *State v. Williams*, 2012-K-1208 (La. App. 4th Cir. 8/20/12).

[10] *Id.*; *State ex rel. Harrison Williams v. State*, 2012-KH-2017 (La. 1/11/13), 106 So.3d 553. The Supreme Court relied on La. C.Cr.P. art. 930.3, *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, *State v. Cotton*, 09-2397 (La. 10/15/10), 45 So.3d 1030, and *State v. Thomas*, 08-2912 (La. 10/16/09), 19 So.3d 466.

4

On June 24, 2013, Williams filed his federal application for *habeas corpus* relief.[11] In his petition, Williams claims that his decision to plead guilty was induced by his counsel's misleading advice regarding his parole eligibility. The State argues that the federal application is untimely.[12] Alternatively, the State contends the claim is procedurally barred. For the following reasons, the Court finds the petition to be untimely.

## II.   Statute of limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[13] The United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th

---

[11] Rec. Doc. No. 3, Petition. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the petition on June 24, 2013, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[12] Rec. Doc. No. 12, pp. 4-11.

[13] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those provisions are not applicable in the instant case.

> Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir.2008).

As noted, on August 31, 2010, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the thirty days allowed by state law, his conviction and sentence became final no later than September 30, 2010.[14] Accordingly, the period that he had in which to file his federal application for *habeas corpus* relief with respect to his state criminal judgment commenced on that date and expired one year later on September 30, 2011, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the

---

[14] *See State v. Counterman*, 475 So.2d 336, 338 (La.1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La. C.Cr.P. 914. The Court notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. *See State v. Crosby*, 338 So.2d 584 (La.1976). In this case, the Court need not decide whether petitioner had a right to appeal his conviction or sentence pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon his plea (August 31, 2010) or upon the expiration of his period for filing a motion to appeal (September 30, 2010).

AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). However, petitioner had no such applications pending before the state courts during the applicable one-year period. Although he did file an application during that period requesting documents,[15] it is clear that applications seeking documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. *Higginbotham v. Tanner*, Civ. Action No. 10–1130, 2011 WL 3268128, at *1 (E.D.La. July 29, 2011); *Parker v. Cain*, Civ. Action No. 02–0250, 2002 WL 922383, at *2 n.22 (E.D.La. May 1, 2002), *certificate of appealability denied*, No. 03–30107 (5th Cir. June 23, 2003); *Boyd v. Ward*, Civ. Action No. 01–493, 2001 WL 533221, at *4 (E.D.La. May 15, 2001), *certificate of appealability denied*, No. 01–30651 (5th Cir. Aug. 22, 2001). Thus, the application requesting documents did not trigger statutory tolling.

As acknowledged by the State, the only application that could properly serve to toll the federal limitation period is petitioner's post-conviction relief application, which petitioner asserted was filed in the state district court on or about August 29, 2011. In order to toll the limitation period, however, the application must be "properly filed." 28 U.S.C. § 2244(d)(2). The record in this case contains no evidence that petitioner's application for post-conviction

---

[15] As noted previously, on December 16, 2010, he filed a motion for production of his *Boykin* transcript.

relief was ever "properly filed" in the state district court.

In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Williams v. Cain*, 217 F.3d 303, 308 n. 4 (5th Cir.2000); *Villegas v. Johnson*, 184 F.3d 467, 468–69 (5th Cir.1999). Louisiana Code of Criminal procedure article 925 provides for place of filing, stating "[a]pplications for post conviction relief shall be filed in the parish in which the petitioner was convicted." In this case, there is nothing in the record to indicate that petitioner's post-conviction application was ever received by the clerk's office or filed with the Orleans Parish Criminal District Court. There is no notice, correspondence, minute entry, or any other documentation in the record to suggest that the application was, in fact, received by the clerk of court. No file-stamp by the Orleans Parish Criminal District Clerk of Court appears on the application contained in the state court record. In fact, in ruling on petitioner's mandamus application, the Louisiana Fourth Circuit recognized as a matter of fact that the post-conviction relief application apparently had not been filed in the state district court. This factual finding is clearly supported by the record in this case.

Nor has petitioner attempted to make any showing under the prison mailbox rule that he delivered his state post-conviction relief application to prison authorities for mailing to the appropriate state court in a timely fashion under state procedural rules. Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the *pro se*

prisoner submits the pleading to prison authorities for mailing. *Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (*citing Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *see also Stoot v. Cain*, 570 F.3d 669, 672 (5th Cir. 2009) (extending the mailbox rule and holding that a pleading may be deemed "filed" when it was delivered to prison officials for mailing, regardless of whether the pleading actually reaches the court for filing). In order to receive the benefit of the mailbox rule, prisoners must demonstrate that they timely presented their submissions to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. at 275.

Williams's post-conviction relief application is signed and dated August 29, 2011. The court notes that the application contains a notarized declaration (Affidavit) from the petitioner dated August 29, 2011; however, that declaration only verifies that the information contained in the application is correct. It does **not** indicate when the petitioner delivered the motion to prison authorities or, indeed, whether he used the prison mail system at all.[16] Petitioner has not produced any documentation to show if, much less when, he delivered the post-conviction relief application to prison authorities for mailing. Nor does the state court record contain anything to indicate a date of mailing to support if or when the application could be deemed filed. *Cf. Stoot v. Cain*, *supra*. (Stoot submitted an Inmate's Request for Legal/Indigent Mail in support of his assertion that he mailed the pleading and which indicated the date on which he delivered the pleading to prison authorities for mailing).

Williams has offered no proof that his post-conviction application was properly filed

---

[16] State Rec., Vol. 2, PCR application, p. 7.

in the state district court. He has not addressed the State's argument that his federal application is untimely. The only possible assertion made by petitioner in this regard is his cursory, self-serving statement to the Louisiana Fourth Circuit in his mandamus application that "[o]n or about August 29, 2011, plaintiff filed a petition for post conviction relief in the Criminal Judicial District Court, Parish of Orleans." However, petitioner's assertion is directly contradicted by the evidence in this case and refuted by the Louisiana Fourth Circuit's finding that the post-conviction application was not filed in the state district court. Because his state post-conviction application was not properly filed and pending before the state court during the one-year federal limitations period, it cannot operate to toll the statute of limitations.[17] As petitioner had no other state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows: (1) that he has been pursuing his rights diligently, and (2) that some

---

[17] The Court notes that neither the date he filed for mandamus relief (December 6, 2011), nor the date the Louisiana Fourth Circuit granted mandamus relief and ordered the post-conviction relief application transferred to the district court (January 18, 2012) could have served to interrupt the one-year federal limitations period. An application for writ of mandamus does not toll the federal limitations period. *Moore v. Cain*, 298 F.3d 361 (5th Cir. 2002). And even if petitioner attempted to argue that his application was properly filed when forwarded to the district court by the court of appeal, the grant of mandamus relief and transfer of the post-conviction application occurred after the expiration of the one-year federal limitations period (September 30, 2011). Once the federal limitations period expired, there was nothing to toll. *Butler v. Cain*, 533 F.3d 314, 318 (5th Cir. 2008).

extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.[18]

## RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

---

[18] In *McQuiggin v. Perkins*, --- U.S. ----, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id.* at 1931. In this case, Williams has not raised a claim of actual innocence or offered any proof to support such a claim.

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[19]

New Orleans, Louisiana, this  4th  day of            August           , 2014.

                                               MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE

---

[19] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.